**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gumercindo RODRIGUEZ–SANTES,**
**Defendant–Appellant.**

**No. 12–10405.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 19, 2013.

Kyle Joseph Healey, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Roger H. Sigal, Esquire, Law Office of Roger H. Sigal, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

## MEMORANDUM ***

Gumercindo Rodriguez–Santes appeals from the district court's judgment and challenges the 51–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez–Santes contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), to deviate from the Sentencing Guidelines based on policy differences with the Guidelines, and by basing his sentence on a factually incorrect finding. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 & n. 3 (9th Cir.2010), and we find none. The record reflects that the district court considered Rodriguez–Santes's policy-based argument, but found that argument unpersuasive and therefore declined to exercise its discretion to vary from the Guidelines on those grounds. *See United States v. Henderson,* 649 F.3d 955, 964 (9th Cir.2011) ("[D]istrict courts are not obligated to vary from the ... Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them."). Additionally, the district court's finding that Rodriguez–Santes had "a number" of reentries was not factually incorrect, because the undisputed presentence report ("PSR") indicated that he reentered the country three times. *See United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc) (court may rely on undisputed facts in PSR at sentencing).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rodriguez–Santes also contends that his sentence is substantively unreasonable under *United States v. Amezcua–Vasquez,* 567 F.3d 1050 (9th Cir.2009), in light of the staleness of his prior conviction and other mitigating factors. The district court did not abuse its discretion in imposing Rodriguez–Santes's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 51–month sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez–Santes's prior 38–month sentence for reentry after deportation. *See id.*

**AFFIRMED.**